William E. Lakis (WEL-9355)
DeORCHIS, & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendants Third Party Plaintiffs,
UNITED PARCEL SERVICE, INC. and
UPS SUPPLY CHAIN SOLUTIONS, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA, a/s/o/ NCR Corporation,;

      Plaintiffs,        ECF CASE

 - against -            08 Civ. 00008 (LAP)

UNITED PARCEL SERVICE, INC.;
UPS SUPPLY CHAIN SOLUTIONS, INC.;    ***ANSWER***
                ***TO COMPLAINT***
      Defendants.      ***AND***
------------------------------------------------------------x ***THIRD PARTY COMPLAINT***
UNITED PARCEL SERVICE, INC.;
UPS SUPPLY CHAIN SOLUTIONS, INC.;

      Third-Party Plaintiffs,

 - against -

BRITISH AIRWAYS PLC;
CHINA AIRLINES, LTD.
DOES 1-10, inclusive,

      Third-Party Defendants.
------------------------------------------------------------x

  Defendants and Third Party Plaintiffs UNITED PARCEL SERVICE, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC. (collectively, "UPS"), through their undersigned attorneys, allege for their Answer as follows:

  1. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Admit that UNITED PARCEL SERVICE, INC. is and was a corporation organized under the laws of New York and with its principal places of business in Atalanta, Georgia and UPS SUPPLY CHAIN SOLUTIONS, INC is and was a corporation organized under the laws of Delaware and with its principal places of business in Atalanta, but except as so specifically admitted denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

## FIRST CAUSE OF ACTION

4. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 3 inclusive of this Answer, with the same force and effect as if herein set forth at length.

5. Admit the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

6. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Deny each and every allegation contained in paragraph 8 of Plaintiffs' Complaint.

9. Deny each and every allegation contained in paragraph 9 of Plaintiffs' Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

## SECOND CAUSE OF ACTION

11. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 10 inclusive of this Answer, with the same force and effect as if herein set forth at length.

12. Deny each and every allegation contained in paragraph 12 of Plaintiffs' Complaint.

13. Deny each and every allegation contained in paragraph 13 of Plaintiffs' Complaint.

### THIRD CAUSE OF ACTION

14. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 13 inclusive of this Answer, with the same force and effect as if herein set forth at length.

15. Deny each and every allegation contained in paragraph 15 of Plaintiffs' Complaint.

16. Deny each and every allegation contained in paragraph 16 of Plaintiffs' Complaint.

### AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE COMPLAINT, DEFENDANT and THIRD PARTY PLAINTIFF UNITED PARCEL SERVICE, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

17. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 16 inclusive of this Answer, with the same force and effect as if herein set forth at length.

### FIRST AFFIRMATIVE DEFENSE

18. The complaint fails to state facts sufficient to constitute a cause of action against UPS.

### SECOND AFFIRMATIVE DEFENSE

19. The plaintiff, its subrogors, agents, representatives, and/or predecessors-in-interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and the alleged loss, if any, sustained by the plaintiff was proximately caused and contributed by the negligence and fault of the plaintiff, its subrogors, agents, representatives and/or predecessors-in-interest. Said negligence and fault bars the plaintiff's recovery from UPS or comparatively reduces the percentage of fault, if any, of UPS.

### THIRD AFFIRMATIVE DEFENSE

20. UPS is informed and believes and thereon alleges that the alleged loss, if any, was caused by the fault and neglect of third parties for which UPS is not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of UPS.

### FOURTH AFFIRMATIVE DEFENSE

21. The plaintiff, its subrogors, agents, representatives, and/or predecessors-in-interest failed to mitigate its alleged damages and its recovery herein, if any, should be diminished in a sum equivalent to that portion of its damages that it could have mitigated.

### FIFTH AFFIRMATIVE DEFENSE

22. If any loss or damage did occur to the subject cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of UPS, but rather from a cause or causes from which UPS is expressly exempted and/or limited from responsibility under the applicable treaties, conventions, laws, and/or terms and conditions of the contract(s) applicable to the handling and transportation of the subject cargo, including, but not limited to, a contractual limitation of liability. UPS claims the benefit of each and every provision contained in said treaties, conventions, laws, and/or

contract(s) and requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### SIXTH AFFIRMATIVE DEFENSE

23. The plaintiff, its subrogors, agents, representatives and/or predecessors-in-interest failed to meet a condition precedent by failing to file a timely written notice of claim according to the terms of the applicable treaties, conventions, laws and/or transportation contract(s), and is therefore barred from any recovery from UPS.

### SEVENTH AFFIRMATIVE DEFENSE

24. The plaintiff is not entitled to recover from UPS because the loss alleged occurred through no fault or negligence of UPS.

### EIGHTH AFFIRMATIVE DEFENSE

25. UPS is not liable for special or consequential damages under the applicable terms and conditions of service, special contracts, tariff, way bill, delivery document and/or at common law, or under applicable treaties, conventions, and/or laws.

### NINTH AFFIRMATIVE DEFENSE

26. The plaintiff is estopped from claiming the damages alleged in the complaint from UPS.

### TENTH AFFIRMATIVE DEFENSE

27. The plaintiff has waived all rights, if any, that it may have had to seek relief from UPS.

### ELEVENTH AFFIRMATIVE DEFENSE

28. UPS alleges that the complaint, and every cause of action alleged therein, is barred under the equitable doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

29. The plaintiff lacks standing to pursue UPS because, inter alia, the plaintiff is not the owner of the cargo alleged to have been lost.

### THIRTEENTH AFFIRMATIVE DEFENSE

30. UPS claims the benefit of any other party's applicable waybill(s), bill(s) of lading, delivery document, Terms and Conditions of Service, tariffs or special contract(s), which are incorporated herein as if set forth at length. UPS requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

31. The plaintiff has released all rights, if any, that it may have had to seek relief from UPS.

### FIFTEENTH AFFIRMATIVE DEFENSE

32. UPS alleges that the complaint, and every cause of action alleged therein, is barred under the applicable statue of limitations and/or applicable contractual limitations period.

### SIXTEENTH AFFIRMATIVE DEFENSE

33. UPS alleges that the complaint is improperly venued in this district.

### SEVENTEENTH AFFIRMATIVE DEFENSE

34. UPS alleges that the complaint was filed in an improper jurisdiction.

### AS AND FOR A THIRD-PARTY COMPLAINT
### AGAINST THIRD PARTY DEFENDANTS BRITISH AIRWAYS PLC, CHINA AIRLINES, LTD, DOES 1-10, inclusive,

COME NOW Defendants and Third-party Plaintiffs UNITED PARCEL SERVICE, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC. (collectively, "UPS") and allege as follows:

### JURISDICTION

35. This Court has jurisdiction over this third-party complaint because it arises out of the transaction or occurrence that is the subject matter of the original action, and UPS alleges that the third-party defendants, and each of them, are or may be liable to UPS for all or part of the claims asserted against UPS in the original action. Alternatively, this Court has supplemental jurisdiction over UPS's third-party complaint. See Fed. R. Civ. P. 13(g), 28 U.S.C. § 1367(a).

## GENERAL ALLEGATIONS

36. UNITED PARCEL SERVICE, INC. and UPS SUPPLY CHAIN SOLUTIONS, INC. are and at all material times herein were, corporations duly organized and existing according to New York law.

37. UPS is informed and believes, and thereon alleges, that third-party defendant BRITISH AIRWAYS PLC ("British Airways") is, and at all times relevant herein was, a foreign corporation doing business in the state of New York with offices at 75-20 Astoria Boulevard, Jackson Heights, New York 11370.

38. UPS is informed and believes, and thereon alleges, that third-party defendant CHINA AIRLINES, LTD. ("China Airlines") is, and at all times relevant herein was, a foreign corporation doing business in the state of New York with offices at 633 Third Avenue Suite 1468 New York, New York 10111.

39. UPS does not know the true names of third-party defendants sued herein as Does 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the damage herein set forth. Accordingly, UPS sues said third-party defendants by such fictitious names. UPS will amend its third-party complaint to show the true names of said third-party defendants when UPS ascertains the same.

40. UPS is informed and believes, and thereon alleges, that at all times mentioned herein, the third-party defendants, and each of them, were and have been agents, servants, employers, and/or employees of each of the other third-party defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

41. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a/s/o/ NCR ("NCR") filed a complaint in this court against UPS alleging that UPS caused damage to NCR. A copy of that complaint is attached hereto as Exhibit "A." UPS has responded to NCR's complaint by denying any liability on its part and by asserting various affirmative defenses.

42. UPS is informed and believes, and thereon alleges, that third-party defendants British Airways, China Airlines and Does 1 through 10, and each of them (collectively, the "Third-Party Defendants"), were negligent or in breach of contract or in some other actionable manner legally responsible for the events and happenings referred to in NCR's complaint, and for proximately causing the damages and/or loss incurred by NCR, if any, as alleged in its complaint.

## FIRST CAUSE OF ACTION

### *Indemnification against the Third-Party Defendants*

43. UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 42, inclusive, of the general allegations of its third-party complaint.

44. UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in NCR's complaint. But if UPS is nevertheless found liable under any legal theory for any damages or injuries alleged in the lawsuit, then UPS is informed and believes, and thereon alleges, that the negligent or

other actionable conduct or activity of the Third-Party Defendants, and each of them, was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of UPS, if any, was, at most, only passive, derivative, and secondary.

45. Accordingly, if UPS is held liable for any part of the claims asserted against it, UPS is entitled to total indemnification from the Third-Party Defendants, and each of them, so that UPS can recoup from and be reimbursed by the Third-Party Defendants, and each of them, any sum or sums that UPS must pay to NCR or to any other party to this action.

46. By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of NCR's complaint, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

## SECOND CAUSE OF ACTION

### *Partial Equitable Indemnification against the Third-Party Defendants*

47. UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 46, inclusive, of the general allegations of its third-party complaint.

48. UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in NCR's complaint. But if UPS is

nevertheless found liable under any legal theory for any damages or injuries alleged in NCR's complaint, then UPS is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was, at least in part, the contributing and substantial proximate cause of NCR's damages and injuries, if any.

49.    By reason of the foregoing allegations, UPS will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

50.    Accordingly, if UPS were to be held liable for any part of the claims asserted against it, UPS would be entitled to partial equitable indemnification by the Third-Party Defendants, and each of them, in proportion of those parties' share of the liability, so that UPS would avoid payment of any sum or sums to or any other party, or any sum in excess of UPS' proportionate share of liability, if any.

51.    By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless, at least in part, by the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

## THIRD CAUSE OF ACTION

### *Contribution against the Third-Party Defendants*

52.  UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 35 through 51, inclusive, of the general allegations of its third-party complaint.

53.  UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in NCR's complaint. But if UPS is nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then UPS is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was the contributing and substantial proximate cause of NCR's damages and injuries, if any.

54.  By reason of the foregoing allegations, UPS will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

55.  Accordingly, if UPS were to be held liable for any part of the claims asserted against it, UPS would be entitled to contribution by the Third-Party Defendants, and each of them, in proportion those parties' share of the liability, so that UPS would avoid payment of any sum or sums to NCR, or any sum in excess of UPS' proportionate share of liability, if any.

56.  By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of

them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

WHEREFORE, Defendant and Third-Party Plaintiff, UPS, prays:

    a)  That the Court adjudge that it has no liability for any loss or damage alleged in the Complaint and that it has and recover from Plaintiff its costs of defense incurred herein;

    b)  that the Complaint be dismissed;

AND if liability is found against them:

    c)  For a judgment against the Third-Party Defendants, and each of them, by way of total indemnification for any sum adjudged against UPS, if any, in favor of NCR;

    d)  For a judgment against the Third-Party Defendants, and each of them, by way of contribution and/or partial equitable indemnification, according to proof of contributory and/or comparative liability for any sum adjudged against UPS, if any, in favor of NCR, or any other parties herein, which sum is in excess of the proportionate share of UPS' liability, if any, as assessed by the trier of fact;

    e)  For a judgment against the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred in the litigation against NCR, and expense and other costs of suit incurred herein; and

    f)  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 10, 2008

                DeORCHIS, & PARTNERS, LLP
                Attorneys for Defendants Third-Party
                Plaintiffs UNITED PARCEL SERVICE,
                INC. and UPS SUPPLY CHAIN
                SOLUTIONS, INC.

                By: /s/ William E. Lakis
                    William E. Lakis (WEL-9355)
                    61 Broadway, 26th Floor
                    New York, New York 10006-2802
                    (212) 344-4700
                    Our File: 2104-53

**EXHIBIT "A"**

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF          :    ECF CASE
NORTH AMERICA, a/s/o NCR Corporation,
                                        :
              Plaintiff,                     08 Civ. 00008 (LAP)
                                        :
         - against -                         **COMPLAINT**
                                        :
UNITED PARCEL SERVICE, INC.;
UPS SUPPLY CHAIN SOLUTIONS, INC.        :

              Defendants.               :
-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1. Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein as the subrogated insurer of NCR Corporation, and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2. Defendants United Parcel Service, Inc. ("UPS") and UPS Supply Chain Solutions, Inc. ("UPS-SCS") are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states other that Maryland. UPS is believed to be a New York corporation with its principal place of business in Atlanta, Georgia. UPS-SCS is believed to be a Delaware corporation with its principal place of business in Atlanta, Georgia.

3.  This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York as common carriers of cargo for hire including the pickup and delivery of shipments in New York and the provision of services related thereto.

### FIRST CAUSE OF ACTION

4.  Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5.  This Court has federal question subject matter jurisdiction pursuant to 28 USCA Sec. 1331. There is also diversity, pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.  This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments, protocols and successor treaties thereto in effect in the country of origin and destination at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, <u>1999 WL 33292734 (2000)</u> (entered into force Nov. 4, 2003) ("Montreal Convention").

7.  This action involves loss and damage to the shipments which are described more fully in the annexed Schedules A and B, which are incorporated herein by reference.

8.  Said loss and damage was the result of defendants' fault, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry, protect, transfer and care for the cargo in question and in that

defendants had no proper and effective procedures to receive, handle, carry, protect transfer and care for the cargo.

9.    By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $152,426.00, no part of which has been paid although duly demanded.

10.   Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12.   Defendants' air waybills were not issued in a timely manner and did not comply with, or contain all the particulars required by, the Warsaw Convention, including Article 8.

13.   Therefore, pursuant to the Warsaw Convention, including Article 9, defendants may not avail themselves of the provisions of the Convention which allegedly exclude or limit their liability.

## THIRD CAUSE OF ACTION

14.   Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

15.   When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead the cargo was damaged while in the care, custody and control of defendants and was rendered unfit for intended usage.

16.   Therefore, defendants, as common carriers, bailees, and/or warehousemen for hire are liable to plaintiff for the claimed loss and damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants:

    (a)    for the sum of $152,426.00;

    (b)    for prejudgment interest at the rate of 9% per annum;

    (c)    for the costs and disbursements of this action;

    (d)    for such other and further relief as the Court deems proper and just.


Dated: New York, New York
       December 13, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel: (212)267-8480
Fax: (212)732-7352
E-mail: dlm@mazarolilaw.com
File Nos.: 7G-1512 & &G-1570

## SCHEDULE A

| | |
|---|---|
| Subrogated Insurer: | Indemnity Insurance Company of North America |
| Insured: | NCR Corporation |
| Waybill No.: | 5438358948 |
| Dated: | April 10, 2006 |
| Origin: | West Columbia, South Carolina |
| Destination: | France |
| Commodity: | NCR Enterprise storage cabinet with disk arrays |
| Claim Amount | $78,174.00 |
| UPS File: | CC200792253 |
| INAMAR File | 456S737304-7 |
| DLM File: | 7G-1512 |

## SCHEDULE B

| | |
|---|---|
| Subrogated Insurer: | Indemnity Insurance Company of North America |
| Insured: | NCR Corporation |
| Waybill No.: | 5448436950 |
| Dated: | September 12, 2006 |
| Origin: | West Columbia, South Carolina |
| Destination: | Hong Kong |
| Commodity: | NCR disk cabinets |
| Claim Amount | $74,252.00 |
| UPS File: | X20-799266 |
| INAMAR File | 456S738499-3 |
| DLM File: | 7G-1570 |