UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF :
NORTH AMERICA, a/s/o NCR Corporation, : Civil Action No.
: 08 Civ. 00008 (LAP)
Plaintiffs, :
:
- against - :
: **ANSWER OF THIRD-PARTY**
: **DEFENDANT**
UNITED PARCEL SERVICE, INC., : **CHINA AIRLINES, LTD.**
UPS SUPPLY CHAIN SOLUTIONS, INC., :
:
Defendants. :
:
---------------------------------------------------------------x
UNITED PARCEL SERVICE, INC., :
UPS SUPPLY CHAIN SOLUTIONS, INC. :
:
Third-Party Plaintiffs, :
:
-against- :
:
BRITISH AIRWAYS PLC, :
CHINA AIRLINES, LTD., :
DOES 1-10, inclusive, :
:
Third-Party Defendants. :
---------------------------------------------------------------x

Third-Party Defendant CHINA AIRLINES, LTD. ("CHINA AIRLINES"), by and through its attorneys Condon & Forsyth LLP, for its Answer to the Third-Party Complaint, alleges upon information and belief:

## AS TO JURISDICTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Third-Party Complaint, and otherwise leaves all questions of law to be decided by the Court.

-2-

## AS TO GENERAL ALLEGATIONS

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 36 through 41 inclusive of the Third-Party Complaint, except admits that CHINA AIRLINES is a foreign corporation and maintains an office in New York.

3. Denies the allegations in paragraph 42 of the Third-Party Complaint.

## AS TO THE FIRST CAUSE OF ACTION

4. Answering paragraph 43 of the Third-Party Complaint, third-party defendant CHINA AIRLINES repeats, reiterates and realleges each and every denial in paragraphs 1 through 3 of this Answer with the same force and effect as if herein set forth in full.

5. Denies the allegations in paragraphs 44, 45 and 46 of the Third-Party Complaint.

## AS TO THE SECOND CAUSE OF ACTION

6. Answering paragraph 47 of the Third-Party Complaint, third-party defendant CHINA AIRLINES repeats, reiterates and realleges each and every denial in paragraphs 1 through 5 of this Answer with the same force and effect as if herein set forth in full.

7. Denies the allegations in paragraphs 48 through 51 inclusive of the Third-Party Complaint.

## AS TO THE THIRD
## CAUSE OF ACTION

8. Answering paragraph 52 of the Third-Party Complaint, third-party defendant CHINA AIRLINES repeats, reiterates and realleges each and every denial in paragraphs 1 through 7 of this Answer with the same force and effect as if herein set forth in full.

9. Denies the allegations in paragraphs 53 through 56 inclusive of the Third-Party Complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

10. The transportation out of which the subject matter of this action arose was "international" transportation within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876, 137 L.N.T.S. 11, *reprinted in* 49 U.S.C. § 40105 (note) (1997), as amended by the Protocol done at the Hague on September 8, 1955, (hereinafter referred to as the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

11. Pursuant to Article 22 of the Warsaw Convention and CHINA AIRLINES' conditions of carriage, the liability of third-party defendant CHINA AIRLINES, if any, is limited.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

12. Third-party defendant repeats, reiterates and realleges each and every allegation in paragraph 10 of this Answer with the same force and effect as if herein set forth in full.

13. Pursuant to Articles 20 and 21 of the Warsaw Convention, CHINA AIRLINES is not liable for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff, third-party plaintiff, or their agents, and/or CHINA AIRLINES took all necessary measures to avoid the damages or it was impossible to take such measures.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Third-party defendant repeats, reiterates and realleges each and every allegation in paragraph 10 of this Answer with the same force and effect as if herein set forth in full.

15. Pursuant to the relevant Articles of the Warsaw Convention, third-party defendant CHINA AIRLINES is not liable to third-party plaintiffs or, in the alternative, CHINA AIRLINES' liability is limited.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. The alleged damages complained of were caused by the direct and proximate negligence of third party plaintiff, other parties, their agents or employees or by others unknown at this time over whom third-party defendant CHINA AIRLINES had no control at any time relevant hereto, and in the event CHINA AIRLINES is found liable to third-party plaintiffs, which liability is expressly denied, CHINA AIRLINES will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the cargo was damaged while being transported by third-party plaintiff and third-party plaintiff was aware of such damage. Upon

further information and belief, third-party plaintiff agreed that the cargo be transported by CHINA AIRLINES and, in so doing, third-party plaintiff is estopped from recovering damages from CHINA AIRLINES.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. The Third-Party Complaint should be dismissed pursuant to 28 U.S.C. § 1406, or alternatively, transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1401.

WHEREFORE, third-party defendant CHINA AIRLINES, LTD. demands judgment dismissing the Third-Party Complaint in its entirety or, alternatively, judgment limiting its liability as aforementioned, and judgment in accordance with the above cross-claims, together with costs, disbursements and such other and further relief as this Court deems just and proper.

Date:  New York, New York
       May 22, 2008

CONDON & FORSYTH LLP

By _____
   Bartholomew J. Banino (BB 4164)
   bbanino@condonlaw.com
   Michael J. Peterson (MP 9260)
   mpeterson@condonlaw.com
7 Times Square
New York, New York 10036
(212) 490-9100

*Attorneys for Third-Party Defendant*
*CHINA AIRLINES, LTD.*

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

Samia Flecha, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Weehawken, New Jersey. That on the 22nd day of May, 2008 deponent served the within **ANSWER OF THIRD-PARTY DEFENDANT CHINA AIRLINES, LTD.** upon:

| | |
|---|---|
| William E. Lakis, Esq.<br>DeOrchis & Partners, LLP<br>61 Broadway, 26th Floor<br>New York, New York 10006-2802<br><br>*Attorneys for Defendant*<br>UNITED PARCEL SERVICE, INC. and<br>UPS SUPPLY CHAIN SOLUTIONS, INC. | David L. Mazaroli, Esq.<br>Law Offices of David L. Mazaroli<br>11 Park Place, Suite 1214<br>New York, New York 10007-2801<br><br>*Attorneys for Plaintiff*<br>INDEMNITY INSURANCE COMPANY OF<br>NORTH AMERICA, a/s/o NCR<br>CORPORATION |

Clyde & Co. US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174

*Attorneys for Defendant*
BRITISH AIRWAYS

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Samia Flecha

Sworn to before me this
22nd day of May, 2008

Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010